

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-12-00363-CR

DELBERT RANDALL FREEMAN                                    APPELLANT

V.

THE STATE OF TEXAS                                              STATE

----------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Delbert Randall Freeman appeals his conviction and two-year sentence for possession of methamphetamine under one gram. He brings one issue challenging his trial counsel's effectiveness. We affirm.

### Factual and Procedural Background

A City of Granbury officer spotted appellant and a female passenger in a truck at a park near Lake Granbury. When the officer stopped to talk to them,

---

[1]*See* Tex. R. App. P. 47.4.

appellant appeared nervous and the female passenger appeared to be under the influence of methamphetamine. After a search of the truck, police found a small baggie of methamphetamine in appellant's checkbook wallet, which was located in the center area next to the driver's seat. Appellant's defense at trial was that the passenger planted the baggie of methamphetamine during a two-minute window when she was possibly alone in the truck while police were questioning appellant. Appellant's trial counsel thoroughly questioned the officer who performed the search about the passenger's opportunity to plant the methamphetamine.

At the hearing on appellant's motion for new trial, he argued that trial counsel was ineffective because he did not interview or call the passenger as a witness. Counsel testified at the new trial hearing that his strategy was to create reasonable doubt by emphasizing the passenger's opportunity to plant the evidence. Counsel did not know her location so that he could interview her at the time of trial; however, he admitted that he never attempted to find her because he did not think it likely she would admit to planting the methamphetamine, which would subject her to a criminal charge. According to counsel, as to attempting to call the passenger as a witness,

> Well, it would have been pointless. I mean if she was going to put the evidence on his wallet and deny her involvement, why would she come in and, you know, fall on her sword in court and then find herself get arrested, indicted and potentially go to prison? I mean there's no -- she would have no reason, and she could always plead the Fifth Amendment and never be forced to testify to say that she

2

did it, so I didn't think, first of all, that we could find her, and even if we could, she could just plead the Fifth.

Appellant testified at the motion for new trial hearing that he did not know the passenger very well. Nevertheless, he claimed that at the time of trial, he had an address for her where he thought his lawyer could subpoena her.[2] Appellant did not know where the passenger lived at the time of the motion for new trial hearing.

## Analysis

When challenging an attorney's failure to call a particular witness, a defendant must show that the witness had been available to testify and that her testimony would have been of some benefit to the defense. *Ramirez v. State*, 280 S.W.3d 848, 853 (Tex. Crim. App. 2007). Appellant has not shown that the passenger would have been available to testify, nor has he shown that her testimony would have been favorable to him. *See id.* According to appellant's trial counsel, he "didn't know, first of all, where she was, but even if [he] could have somehow found her, knowing her behavior that day and seeing on video that she tried to . . . absolve herself of any blame, it seemed pretty clear that was going to be her pattern." When asked what her testimony would have been, appellant said, "I don't know what she would have done" and that she "may have" told the truth and taken the blame. *See Barnett v. State*, 344 S.W.3d 6, 14–15

---

[2]Appellant's trial counsel testified that appellant never gave him her address.

(Tex. App.—Texarkana 2011, pet. ref'd) ("We find that Coyle's conduct in choosing not to call a potentially damaging witness was probably wise."). Accordingly, we conclude and hold that appellant has failed to meet the standard to show ineffective assistance of counsel at trial.

We overrule appellant's sole issue on appeal and affirm the trial court's judgment.

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  May 30, 2013

4